JOSEPH LINDENSCHMIDT, Respondent, v. AMADEE VALLEE, Appellant.

### St. Louis Court of Appeals, December 7, 1886.

1. JUSTICES—JURISDICTION—HUSBAND AND WIFE.—A judgment against a husband alone in an action before a justice, in a suit against a husband and wife on a debt contracted for necessaries, is not void for want of jurisdiction.

2. DEBTOR AND CREDITOR—COLLATERAL SECURITY.—The taking of collateral security does not suspend the ction on the main debt unless it is so agreed.

**8. APPELLATE PRACTICE—AFFIRMANCE WITH DAMAGES.**—A judgment on a money debt admitted to be due will be affirmed with damages unless the appeal shows substantial merit.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed with ten per cent damages.*

H. M. WILCOX, for the appellant.

JOHN B. ROEDER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to collect a merchant's account. The plaintiff's statement alleged the sale and delivery of the goods at various times, at the instance and request of the defendant, the value thereof, the settlement of a part of the indebtedness by the giving of a promissory note, and the amount remaining unpaid; and also alleged that the debt was created for necessaries for the defendant's wife and family, and prayed judgment, and also for a general and a special execution, under which the property of the defendant and that of the defendant's wife could be levied upon and sold. The justice, disregarding so much of the prayer of the statement as asked for a special execution, rendered judgment against the defendant for the amount claimed. From this judgment the defendant appealed to the circuit court. Upon a trial *de novo* in the circuit court before the judge sitting as a jury, a general judgment was again rendered against the defendant for a like amount, from which the defendant has appealed to this court.

I. The first point is that the petition stated a case of which the justice had no jurisdiction, because a suit to charge the separate property of a married woman is a suit in equity, of which justices of the peace have no

cognizance. There is nothing in the point. So much of the statement as contained a prayer for a special execution against the property of the defendant's wife, the property not being described and she not being a party, may well have been rejected as surplusage, as was done by the justice and also by the circuit court. The same may be said of the allegation that the articles were necessaries for the defendant's wife and family. So rejecting this averment and prayer, the petition stated a good demand at law, of which the justice had cognizance.

II.  It is next objected that the court erred in compelling the defendant's counsel to admit the fact of the sale and delivery of the goods, upon the threat that unless he did so the court would send the case to a referee. This point is equally barren. The account which accompanied the statement contained a great many items, and was a "long account" within the meaning of the statute. Sect. 3606, Rev Stat. The court was not obliged to try such an action if the correctness of the account was contested, and had the power under the statute, of its own motion, to send it to a referee. The court, therefore, properly told the defendant's counsel that this course would be taken, unless the account was admitted. This put the defendant under no duress or other coercion; the admission was entirely voluntary, and the fact that the defendant, through his counsel, saw fit, under the circumstances, to make it, will not support an exception.

III.  Equally untenable is the point that the court erred in refusing the second declaration of law offered by the defendant. This contained the startling proposition that unless the plaintiff made out his case by *other* evidence than the above admission of the defendant, the court must find for the defendant.

IV.  Some evidence was given that the defendant, prior to the commencement of the action, placed in the hands of the plaintiff some shares of corporate stock, as collateral security for this debt, upon a written agree-

ment that, unless the debt should be paid in one week, the stock should become the property of the plaintiff. The evidence tended to show a subsequent waiver by the plaintiff of his right of forfeiture thus conferred ; and the court gave, with reference to the evidence touching this transaction, the instruction which the defendant requested. There was no evidence tending to show that the plaintiff took the stock as absolute payment, or that he had elected to forfeit it and make it his property under the contract. A creditor having collateral security for his debt is not confined to his security nor precluded, by the fact of holding it, from bringing a direct action against his debtor. There is, therefore, nothing in this branch of the case which affords any ground of exception.

V. The action of the court in allowing the plaintiff, after both parties had rested, to put in evidence certain letters of the defendant, and also a letter of the defendant's counsel, to the plaintiff's attorney, was a ruling within the sound discretion of the court. There is nothing in the record to indicate that this discretion was abused, or that the defendant suffered any prejudice from it.

VI. We are asked, in affirming the judgment, to give ten per cent damages. This is an action by a retail grocer to collect a sum of money for groceries furnished to the defendant at various times during the year 1884. The goods are admitted to have been delivered ; the defence of payment, which was set up, was manifestly a sham ; the plaintiff has been kept out of his money for nearly two years by the fact of the defendant having contested the demand in three courts on untenable grounds. In such cases it has always been our practice to give damages in affirming the judgment, where they have been asked for. The appeal does not appear to us to have the least merit.

We accordingly affirm the judgment with ten per cent. damages. It is so ordered. All the judges concur.